IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN SWIRES, individually and on behalf of others similarly situated,  )<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>INCREDIBLE SCENTS, INC.  )<br>)<br>Defendant.  ) | Case No. 3:12-cv-1232-JPG-DGW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Incredible Scents, Inc.'s motion to strike plaintiff Justin Swires' class allegations contained in the Amended Complaint (Doc. 27). Swires has responded to the motion (Doc. 50).

This putative class action is about a nasal breathing product, Silent Snooz, manufactured by Incredible Scents. Swires claims the device does not reduce snoring and has not been clinically proven or patented to achieve the benefits it promises as Incredible Scents claims. He alleges that, in connection with Silent Snooz, Incredible Scents has violated the consumer fraud statutes of various states (Count I), breached an express warranty (Count II) and was unjustly enriched (Count III). Swires seeks to represent a class of all persons who purchased Silent Snooz anytime from August 30, 2007, to the date a class is certified, but he has not yet filed a motion for class certification in this Court. The Amended Complaint, however, contains allegations in support of class certification.

Incredible Scents argues that the class certification allegations in the Amended Complaint should be stricken pursuant to Federal Rule of Civil Procedure 12(f) and 23(d)(1)(D) because nationwide fraud and warranty cases may not proceed as class actions as a matter of law. Swires

argues that the motion to strike is premature in light of the schedule set for discovery and briefing regarding class certification issues and, alternatively, that the motion has no merit. Under the current scheduling order (Doc. 38), a motion for class certification is due October 1, 2013, although that date is likely to be extended by a forthcoming amended scheduling and discovery order (*see* Doc. 60).

Under Rule 12(f), upon a motion or upon its own initiative, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike, however, are generally disfavored because they are often employed for the sole purpose of causing delay. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). For this reason, this Court and others have held that a party must show prejudice to succeed on a motion to strike. *See, e.g., Anderson v. Bd. of Educ. of Chi.*, 169 F. Supp. 2d 864, 867 (N.D. Ill. 2001); *see also Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992). The Court should not strike matter from a pleading pursuant to Rule 12(f) "unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." 5C Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1382 (3d ed.); *accord Anderson*, 169 F. Supp. 2d at 867-68. The burden on a motion to strike is upon the moving party. *See Vakharia v. Little Co. of Mary Hosp. & Health Care Ctrs.*, 2 F. Supp. 2d 1028 (N.D. Ill. 1998).

Under Rule 23(d)(1)(D), the Court may "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Some courts issue such an order prior to a motion for class certification under the theory that where it is clear from the face of a complaint that it cannot satisfy class certification

requirements, the court should remove that issue from the case as early as it can. *See, e.g., Baker v. Home Depot USA, Inc.*, No. 11 C 6768, 2013 WL 271666, *4 (N.D. Ill. Jan. 24, 2013). In other cases, courts have held it premature to determine whether a suit can proceed as a class action at such an early stage in the case before relevant discovery can occur. *See, e.g., Boatwright v. Walgreen Co.*, No. 10 C 3902, 2011 WL 843898, *2 (N.D. Ill. Mar. 4, 2011) (citing 7B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1795 (3d ed.)); *Miller v. Janssen Pharmaceutica Prods., L.P.*, No. 05-cv-4076-DRH, 2006 WL 48836, *1 (S.D. Ill. Feb. 28, 2006).

    The Court is unable to detect in this case any prejudice Incredible Scents will suffer from allowing the class allegations to remain in the complaint for now. Furthermore, in light of the briefing schedule set for the class certification discovery and subsequent motion, the Court believes it would be more appropriate to consider *after* ruling on that motion whether to exercise its authority under Rule 23(d)(1)(D) to order Swires' class allegations from the complaint. For these reasons, the Court **DENIES without prejudice** Incredible Scents' motion to strike (Doc. 27).

**SO ORDERED.**
**Dated: August 20, 2013**

                                                                  s/J. Phil Gilbert
                                                                  **J. PHIL GILBERT**
                                                                  **DISTRICT JUDGE**