IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN SWIRES, individually and on behalf of others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 3:12-cv-1232-JPG-DGW ) ) |
| v. | ) ) |
| INCREDIBLE SCENTS, INC. | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This putative class action is about a nasal breathing product, Silent Snooz, manufactured by defendant Incredible Scents, Inc. ("IS"). Plaintiff Justin Swires claims the device does not live up to the representations IS made about Silent Snooz on its packaging. He believes that IS has violated the consumer fraud statutes of various states (Count I), breached express warranties (Count II) and was unjustly enriched by its deception (Count III).

This matter comes before the Court today on IS's motion to dismiss Swires' First Amended Complaint (Doc. 30). Swires has responded to the motion (Doc. 51), and IS has replied to that response (Doc. 52). The Court also considers Swires' motion to strike IS's motion to dismiss (Doc. 49), to which IS has responded (Doc. 53). The Court will first address Swires' motion to strike, and then, if necessary, will address IS's motion to dismiss.

**I.     Motion to Strike IS's Motion to Dismiss (Doc. 49)**

    **A.**     Motion to Strike IS's Motion to Dismiss in its Entirety

IS filed its answer on February 13, 2013, at 4:24 p.m. and its motion to dismiss two minutes later, at 4:26 p.m. Swires asks the Court to strike IS's motion to dismiss in its entirety because it was filed after IS's answer, in violation of Federal Rule of Civil Procedure 12(b), which states that motions asserting the failure to state a claim as a defense "must be made before

pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b).

IS argues that Swires has failed to show he was prejudiced from IS's filing its motion to dismiss two minutes after filing its answer, a necessary finding before striking is appropriate under Federal Rule of Civil Procedure 12(f). In any case, IS urges the Court to construe its later-filed motion to dismiss as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

The Court will not strike IS's motion to dismiss simply because IS filed it after – in this case, two minutes after – its answer. It is true that Rule 12(b) provides that a motion asserting that the plaintiff has failed to state a claim "must be made before pleading if a responsive pleading is allowed." However, Swires has identified no authority justifying striking in its entirety a late Rule 12(b)(6) motion.[1] In fact, when the Court encounters a late Rule 12(b)(6) motion, rather than striking it, the Court should construe the motion as a motion for judgment on the pleadings under Rule 12(c). *Forseth v. Village of Sussex*, 199 F.3d 363, 368 n.6 (7th Cir. 2000); *Northern Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 n.3 (7th Cir. 1998). Essentially the same standard applies under both subsections of Rule 12. *Hayes v. City of Chi.*, 670 F.3d 810, 813 (7th Cir.), *cert. denied*, 133 S. Ct. 353 (2012); *Pisciotta v. Old Nat'l Bancorp,* 499 F.3d 629, 633 (7th Cir. 2007). For this reason, the Court declines to strike IS's motion in its entirety even though IS filed it after its answer and will instead consider the motion as a motion for judgment on the pleadings.

---

[1] IS takes the position that Federal Rule of Civil Procedure 12(f) would allow striking in certain circumstances, but argues that those circumstances are not present in this case. Actually, Rule 12(f) applies only to striking matter *from pleadings* as defined by Federal Rule of Civil Procedure 7(a) – that is, in this case, from the complaint and answer – not from other filings such as motions. *See Hrubec v. National R.R. Passenger Corp.*, 829 F. Supp. 1502, 1506 (N.D. Ill. 1993).

B. Motion to Strike Exhibits to the Motion to Dismiss

Before turning to the substance of IS's motion, the Court must determine whether it will consider the exhibits attached to the motion and/or whether it should convert the motion to a summary judgment motion. IS's motion refers to matters outside the pleadings, namely:

- Exhibit A purports to be a webpage about Silent Snooz;

- Exhibit B purports to be a "package flat," that is, a two-dimensional representation of all surfaces of the box in which Silent Snooz is sold;

- Exhibit C purports to be assessments of the effects of Silent Snooz on snoring and nasal resistance; and

- Exhibit D purports to be a patent for the Silent Snooz device.

Swires asks the Court to exclude the exhibits and the portions of IS's brief that refer to them or, alternatively, to convert the motion to a summary judgment motion pursuant to Federal Rule of Civil Procedure 12(d) and deny that motion as premature. For its part, IS maintains that the Court may appropriately consider the exhibits to the motion to dismiss or, in the alternative, disregard the exhibits but still consider the motion.

When matters outside the pleadings are presented in connection with a Rule 12(c) motion for judgment on the pleadings, the Court may treat the motion as a motion for summary judgment or it may exclude the additional material from consideration. *See* Fed. R. Civ. P. 12(d). However, there are several exceptions to this general rule. For example, the Court may consider additional material where it is something of which the Court can take judicial notice, that is, where the material is generally known within the Court's territorial jurisdiction or where it is capable of determination from sources the accuracy of which cannot reasonably be questioned, *see* Fed. R. Evid. 201(b). *Menominee Indian Tribe of Wisc. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998). Public records and judicial proceedings fall into this category of material the Court can consider. *See Pugh v. Tribune Co.*, 521 F.3d 686, 691 n. 2 (7th Cir. 2008)

3

(publicly reported stock price); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (judicial proceedings).  The Court may also consider additional material referred to and relied on by the complaint but not attached to it as long as the authenticity of the material is not in question.  *See Minch v. City of Chi.,* 486 F.3d 294, 300 n.3 (7th Cir. 2007).

The Court first considers whether it may properly consider the materials attached to the motion without converting it to a summary judgment motion.  Exhibits A and C are not referred to in the First Amended Complaint, are not central to Swires' claims (although they may be central to IS's defenses) and are not matters of which the Court can take judicial notice.  IS has not offered any other reason the Court could properly consider them in ruling on its motion.  On the other hand, Exhibit D, a patent, is appropriate for judicial notice.  *See Feathercombs, Inc. v. Solo Prods. Corp.*, 306 F.2d 251, 259 n.1 (2d Cir. 1962) ("We think, however, that United States patents may be judicially noticed."); *see, e.g., CYBERsitter, LLC v. People's Republic of China*, 805 F. Supp. 2d 958, 963 (C.D. Cal. 2011); *Apple, Inc. v. Motorola Mobility, Inc.*, No. 11-cv-178-bbc, 2012 WL 5416941, at *8 (W.D. Wisc. Oct. 29, 2012).  For these reasons, the Court may consider Exhibit D but not Exhibits A and C without converting the motion to a motion for summary judgment.

Exhibit B is not so clear.  The First Amended Complaint refers to and contains a picture of the box in which Silent Snooz was sold and on which IS allegedly made its misrepresentations.  Thus, the Silent Snooz box is referred to and relied on by the First Amended Complaint.  IS contends the box described and depicted in the First Amended Complaint is substantially identical to the "package flat" attached as Exhibit B.  However, the picture of the box in the First Amended Complaint is not clear, and Swires notes that IS provides no support for its assertion that Exhibit B is the same packaging as that pictured in his pleading.  The Court believes Swires' position sufficiently challenges the authenticity of Exhibit B to counsel against

considering it in support of the motion to dismiss. However, the Court cautions Swires that, should the Court later determine his objections to consideration of Exhibit B are without merit – that is, that Exhibit B accurately depicts the packaging referred to in the First Amended Complaint – his attorneys may be subject to sanctions under Federal Rule of Civil Procedure 11(c) or 28 U.S.C. § 1927. For this reason, the Court may not consider Exhibit B without converting the motion to a summary judgment motion.

      The Court declines to convert the motion to a summary judgment motion, will instead consider it as a motion for judgment on the pleadings, and will not consider Exhibits A, B or C. Despite the age of this case, it appears that discovery has been slow due to IS's financial straits; it has represented to the Court that it is currently unable to fund this lawsuit and is investigating means of raising capital to either settle this case or to continue to retain counsel. *See* Joint Mot. to Modify Sched. Order at Doc. 59; Minutes of Tel. Stat. Conf. at Doc. 55. Converting the motion to a summary judgment motion would require further briefing under the summary judgment standard, which would not likely be possible until a later stage of discovery. *See, generally*, Fed. R. Civ. P. 56(d). Additionally, the Court prefers to address class certification issues before turning to motions for summary judgment, *see* Fed. R. Civ. P. 23(c)(1)(A) (class certification decision must occur "[a]t an early practicable time after a person sues or is sued as a class representative"); *Cowen v. Bank United of Tex., FSB*, 70 F.3d 937, 941 (7th Cir. 1995) (noting class certification decision usually occurs before a case is ripe for summary judgment), which would further delay ruling on the pending motion. Indeed, the dispositive motion deadline in this case is July 20, 2014, after the deadline for class certification briefing. Summary judgment issues are best left for that later stage of the case. The Court therefore declines to convert the pending motion and will instead consider this motion under Rule 12(c) without reference to Exhibits A, B and C. The Court is well able to confine itself to consideration of the

appropriate evidentiary materials and finds no need to formally strike the inappropriate materials from the record.

### II.     Motion to Dismiss, Construed as Motion for Judgment on the Pleadings (Doc. 30)

####     A.     Applicable Standard

As noted above, the standard applicable to a Rule 12(c) motion for judgment on the pleadings is the same as the standard applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim. In both cases, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal in most cases, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).

In *Bell Atlantic*, the Supreme Court rejected a more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Bell Atl.*, 550 U.S. at 561-63; *Concentra Health Servs.*, 496 F.3d at 777. Now, "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra*

*Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations, *Bell Atl.*, 550 U.S. at 555, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original). Nevertheless, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 555. If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667.

The foregoing standard is heightened, however, where the complaint alleges some sort of fraud. Federal Rule of Civil Procedure 9(b) requires a plaintiff alleging fraud to "state with particularity the circumstances constituting fraud." Generally, pleading "with particularity" requires a plaintiff to describe the "who, what, when, where, and how" of the fraud, although that formulation is not set in stone and may vary based on the facts of a particular case. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441-42 (7th Cir. 2011).

> The particularity requirement ensures that plaintiffs do their homework before filing suit and protects defendants from baseless suits that tarnish reputations. And the requirement dovetails with lawyers' ethical obligations to ensure they conduct a pre-complaint inquiry before signing off on their clients' contentions.

*Id.* at 439.

    B.    <u>Alleged Facts</u>

The allegations in the First Amended Complaint, viewed in Swires' favor, establish the

following relevant facts for the purposes of this motion.

IS manufactures and promotes Silent Snooz, a nasal septum ring. IS represents that Silent Snooz:

- reduces the frequency of snoring;

- has been clinically tested and proven to reduce snoring, promote freer breathing, open nasal passages and facilitate nasal breathing; and

- is patented to reduce snoring, promote freer breathing, open nasal passages and facilitate nasal breathing.

These representations appear on the packaging in which Silent Snooz is sold and are designed to create the expectation in the consumer that Silent Snooz has these characteristics so that the consumer will buy Silent Snooz. IS knows but does not disclose that Silent Snooz, in fact, has none of the advertised characteristics: it does not reduce the frequency of snoring, it has not been the subject of a reliable clinical test to reduce snoring, and it is not patented to reduce snoring, promote freer breathing, open nasal passages or facilitate nasal breathing.

Swires saw the foregoing representations on the Silent Snooz packaging and, in reliance on those representations, purchased Silent Snooz on September 11, 2009, for $12.95. It did not help him reduce his snoring.

Swires filed this case against IS on August 30, 2012, in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois. On October 25, 2012, Swires amended his complaint to add defendant Walgreen Co. On December 3, 2012, Walgreen removed this case to federal court, and on March 15, 2013, Swires voluntarily dismissed Walgreen from this case. Swires' First Amended Complaint alleges causes of action under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.* (Count I),[2] for breach of

---

[2] Although Swires purports to bring a claim under the consumer fraud statutes of multiple states, at this stage of the case – prior to a class certification – his only claim is under the ICFA based

an express warranty (Count II) and for unjust enrichment (Count III).

    C.    Analysis

IS advances four arguments why the Court should dismiss the First Amended Complaint: (1) Swires does not allege he suffered any damages, an essential element of all counts; (2) Swires has failed to allege the misrepresentations with the particularity required by Rule 9(b), (3) Swires fails to attach the actual warranty he claims IS breached and (4) Swires cannot bring an equitable unjust enrichment claim where he has another remedy at law for fraud.

    1.    Damage Allegations

IS argues that Swires has failed to allege why its money-back guarantee does not provide him full relief and has failed to allege he returned Silent Snooze and sought a full refund, necessary prerequisites for suffering damages. IS really faults Swires for failing to plead around IS's defense, which Swires has no obligation to do. Swires pleads that he paid $12.95 for a device that was not as represented on its packaging, and he does not allege anything about a money-back guarantee, a refund or any other fact that could demonstrate he did not suffer any damages (remember, Exhibit A is not considered). At the pleading stage, this is sufficient to assert damages; no rule requires Swires to plead more. *See Lipton v. Chattem, Inc.*, No. 11 C 2952, 2012 WL 1192083, at *4-*5 (N.D. Ill. Apr. 10, 2012) (complaint alleging purchase of product worth less than price paid sufficiently pled damages). The availability of a money-back guarantee may prove dispositive at the summary judgment stage to show that IS's alleged deception did not proximately cause damages, *see, e.g., Clark v. Experian Info. Solutions, Inc.*, No. 03 C 7882, 2006 WL 2224049 (N.D. Ill. Aug. 2, 2006) (granting summary judgment based

---

only on his individual purchase of Silent Snooz. "[U]ntil certification there is no class action but merely the prospect of one; the only action is the suit by the named plaintiffs." *Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 616 (7th Cir. 2002); *accord Vigus v. Southern Ill. Riverboat/Casino Cruises, Inc.*, 274 F.R.D. 229, 233 (S.D. Ill. 2011) ("[I]t is important to remember that prior to certification of a class, the Court views a case simply as a suit by the named plaintiff.").

on the availability of a full refund), *aff'd*, 256 Fed. App'x 818 (7th Cir. 2007), but where the availability of a refund is not pled in the complaint, judgment on the pleadings is not warranted.

          2.        <u>Particularity of Circumstances Constituting Fraud</u>

IS argues that Swires has not satisfied Rule 9(b)'s pleading standards because he has not provided the *exact verbiage* of the alleged misrepresentations, along with where, how and when they were made and who made them. IS has a point, for in the First Amended Complaint, Swires mentions "what was promised as promoted, marketed, advertised, packaged, and labeled" but does not specifically say what this promotion, marketing, advertising, packaging and labeling consisted of or by whom it was conducted. However, Swires does allege with enough particularity what the misrepresentations were (i.e., Silent Snooz reduces snoring, has been clinically tested and proven . . ., and has been patented . . ., Compl. ¶¶ 1, 9, 31) and that he saw and relied on the alleged misrepresentations "on the packaging of the product," Compl. ¶ 5, a picture of which he includes in his pleading, Compl. ¶ 8. When viewed as a whole, the First Amended Complaint satisfies Rule 9(b) as to alleged misrepresentations by IS on the Silent Snooz packaging, although the pleading as to other methods, times and places of misrepresentations is inadequate. For these reasons, the Court will allow Swires to proceed only on his claim regarding misrepresentations made on the Silent Snooz packaging.

Similarly, IS argues that Swires has not sufficiently pled that the alleged misrepresentations were false. It faults him for failing to allege that he used the device correctly and that he did not suffer from sleep apnea and for failing to cite any studies demonstrating the falsity of IS's claims about Silent Snooz. As with IS's argument about Swires' failing to plead the lack of availability for a refund, no rule requires Swires to plead that he used the device correctly or that he did not suffer from sleep apnea. These are matters that will certainly be fleshed out at later stages of this case.

As for the failure to point to a study proving the falsity of IS's claim, IS relies on a case that is not persuasive to the Court, *Padilla v. Costco Wholesale Corp.*, No. 1:11-cv-7686, 2013 WL 195769 (N.D. Ill. Jan. 16, 2013). In *Padilla* the plaintiff alleged that the product at issue did not work for him and that studies showed it was not effective. *Id.* at *1. The Court found that the allegations about the studies did not plausibly suggest the falsity of the claim of effectiveness because the studies cited did not actually test the product in issue but other variations of the product. *Id.* at *3. *Padilla* does not mention the plaintiff's allegations of his own personal experience or consider whether that allegation was sufficient to state his claim at the pleading stage. For this reason, the Court is not inclined to follow *Padilla* in this case. Here, Swires' claim of Silent Snooz's ineffectiveness is supported by his own experience that it did not help him reduce his snoring. Compl. at ¶ 5. He further alleges that Silent Snooz has not been the subject of a reliable clinical test to reduce snoring and is not patented to do the things IS claims it does. Compl. at ¶ 4. This is sufficient to satisfy liberal federal pleading standards, even under the heightened requirements of Rule 9(b).

        3.      <u>Breach of Express Warranties</u>

IS reiterates the same arguments with respect to Swires' express warranty claim that it advanced with respect to his ICFA claim. For the same reasons the Court found that the ICFA claim satisfies federal pleading standards, it also finds the breach of warranty claims do too.

        4.      <u>Unjust Enrichment</u>

In addition to arguments already advanced and rejected in the ICFA context, IS argues that since Swires cannot prevail both under ICFA, a legal cause of action, and an unjust enrichment theory, an equitable cause of action, the Court must dismiss the unjust enrichment claim because the ICFA claim provides an adequate legal remedy. While it is true that Swires cannot obtain relief on his equitable claim *and* his legal claim, he is entitled to plead in the

11

alternative. *See* Fed. R. Civ. P. 8(d). It can be reasonably inferred that First Amended Complaint intends to plead Count I and Count III as alternative theories of relief. Thus, Swires may proceed on both claims as alternative theories of relief but may only recover once for his injury even if he prevails on both.

   D. <u>Settlement Prospects</u>

  The Court is compelled to add one final word before concluding. It is abundantly clear that Swires was able to resist judgment on the pleadings for the majority of his claims simply because of the liberal federal notice pleading standard. If things are indeed the way IS claims they are – for example, if Exhibit B is the package Swires looked at before buying Silent Snooz and if IS actually offers a money-back guarantee if the product does not work for a consumer – Swires will have a tough row to hoe once this case gets to the stage where substantive evidence can be considered. Swires' ultimate success will be even more difficult in light of the Seventh Circuit Court of Appeals aversion to certifying class actions based on ICFA and other consumer fraud laws because of the predominance of individual issues over collective issues. *See, e.g., Clark v. Experian Info. Solutions, Inc.*, 256 Fed. App'x 818, 821-22 (7th Cir. 2007) (citing *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 850 (Ill. 2005) (requiring deception and actual damages proximately caused by the deception to prove a consumer's ICFA claim)). This case will be expensive to litigate and could very well lead to a large class verdict against a judgment-proof defendant, a take-nothing judgment on a $12.95 individual claim, or some other result not worthy of the efforts put into the litigation by both sides. The parties have expressed to the Court a willingness to entertain settlement, and the Court strongly encourages pursuit of that course.

**III. Conclusion**

  For the foregoing reasons, the Court:

- **DENIES** Swires' motion to strike (Doc. 49) but will not consider Exhibits A, B and C in deciding IS's motion;

- **GRANTS in part** and **DENIES in part** IS's motion to dismiss, construed as a motion for judgment on the pleadings (Doc. 30);

- **DISMISSES without prejudice** all claims involving representations not made on the Silent Snooz packaging; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**SO ORDERED.**
**Dated: September 24, 2013**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
